WILLIAM TREUTLER

v.

CHRISTOPHER HALLIGAN.

1. DISCRETION *of court to vacate a judgment.* Where there has been no abuse of the discretion with which circuit courts are clothed, the action of the court in disposing of motions to vacate a judgment and allow the defendant to defend will not be reviewed in this court.

2. NEGLIGENCE *of party or his attorney.* Where a cause is tried in its regular order on the docket, in the absence of the defendant and his attorney, the court has no power to relieve the defendant if guilty of negligence by himself or his attorney.

APPEAL from the Circuit Court of Cook County; the Hon. W. K. McALLISTER, Judge, presiding.

Messrs. PERKINS & TRUMAN, for the appellant.

Mr. S. W. RAWSON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Neither defendant nor his attorney appeared in the court below when this cause was called in its order for trial. As there was no appearance, the cause was submitted to a jury, who returned a verdict for plaintiff, upon which the court rendered judgment. At the same term defendant entered a motion to vacate the judgment and for leave to make defense to the action, but the motion was overruled.

Where there has been no abuse of that discretion with which circuit courts are clothed, the action of the court in disposing of such motions as the one made in this case will not be reviewed in this court. It is not shown there has been any abuse of a sound discretion. Affidavits filed show no reason why defendant could not have had his day in court had he been diligent. According to his own affidavit he gave the defense of the suit against him no personal attention whatever. Had defendant been in court with his witnesses, if he had any, it is not probable there would have

been any difficulty in securing a trial. The fact he had no opportunity to present his defense, whatever it was, is to be attributed to his own negligence or that of his attorney, against which courts will not relieve him.

The judgment will be affirmed.

*Judgment affirmed.*