## Charles Opperman v. Pauline Conway.

### Gen. No. 11,678.

1.  MOTION TO SET ASIDE JUDGMENT—*when action of court with respect to, will not be reversed on appeal.*  An application to set aside a judgment where there is no absolute showing of a right to have such application granted. is addressed to the sound discretion of the trial court and the exercise of that discretion will not be interfered with on appeal except in case of clear abuse.

Motion to set aside judgment entered upon default.  Appeal from the County Court of Cook County; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding.  Heard in this court at the March term, 1904. Affirmed.  Opinion filed January 5, 1905.

JOHN L. MANNING, for appellant.

EDWARD H. MORRIS, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

Although the appeal bond in this case recites the appeal to be from a judgment in favor of appellee against appellant in the County Court for $287, and is conditioned to pay the judgment if it is affirmed, the rest of the record would seem to show the cause in this court to be an appeal, not from such judgment, but from an order of the County Court after the said judgment, refusing to vacate it and re-

instate the cause. The bill of exceptions relates to that motion entirely, the ground of which was that the appellant had a good defense to the suit, that he had retained a lawyer to defend it, that the lawyer had pleaded for him the general issue, but by an oversight failed to appear when the case was duly called for trial in its order on the calendar of the County Court. The cause was therefore submitted to the jury and tried *ex parte*, without the presence of appellant or his counsel.

The application to set aside the judgment under the circumstances disclosed was addressed to the sound discretion of the court below, and that discretion will not be interfered with here, except in case of clear abuse of it. Treutler v. Halligan, 86 Ill. 39. To hold that in this case such discretion was abused would be absurd. If the Appellate Courts should assert that it was an abuse of discretion to refuse any litigant another chance whose lawyer had been through "oversight" neglectful, the trial courts we fear would be more overwhelmed with business than at present even.

The cases cited by appellant's counsel from 6 Ill. App. and 22 Ill. App., were not like the case at bar, and each depended on peculiar circumstances appearing in the record.

The judgment appealed from will be affirmed. It is not, in our opinion, either under the statute or the facts a case for giving damages, as suggested by appellee's counsel.

*Affirmed.*