The P. & O. Banking Corporation, Ltd., Appellee, v. Wurm Brothers Company, Appellant.

Gen. No. 38,303.

Opinion filed December 16, 1935.

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, of Chicago, for appellant; HENRY J. BRANDT and HENRY G. O'DONNELL, both of Chicago, of counsel.

NAT. M. KAHN, of Chicago, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Defendant appeals from a judgment for $2,607.19 entered against it after its amended affidavit of merits had been stricken.

The controversy arises out of the delivery to defendant for sale of 480 cases of cashew kernels for which defendant gave its receipt, in which it undertook to deliver to plaintiff the proceeds of any sale. Plaintiff's statement of claim alleged that the merchandise was sold and defendant did not account to it for the proceeds. Defendant admits that it received the merchandise, signed the receipt in question, has sold the merchandise and has not delivered the proceeds to plaintiff. Its defense is that plaintiff was not the owner of the merchandise; that it ascertained the true owner and has paid to him the proceeds of the sale.

The receipt signed by defendant was headed by the words, "Trust Receipt," and defendant cites cases tending to show that this is not in fact a trust receipt. The document was drawn in New York, dated May 25, 1933. By the New York statute, one who delivers merchandise to another to be sold is called an "entruster," which is defined by the statute to mean "the person who has or directly or by agent takes a security interest in goods, documents or instruments under a trust receipt transaction." Parenthetically, we might say that the Illinois statute, entitled "Uniform Trust Receipts Act," passed at the last session of the legislature, defines an "entruster" in the same way. Ill. State Bar Stats. 1935, ch. 140a, ¶ 13, sub-par. (3). In *Simons v. Northeastern Finance Corp.*, 271 Mass. 285, a trust receipt is said to be an instrument in writing whereby one who has advanced money for the purchase of imported merchandise takes title and delivers possession to the importer upon an agreement in writing to hold the merchandise in trust for the entruster until he is paid. There are other citations to the same effect. Counsel for each of the parties seem to agree that the receipt signed by the defendant was not a true trust

receipt, as defined, and we shall consider it as an ordinary receipt and contract.

Defendant says that it was entitled to show that plaintiff had no security interest in the merchandise in question and therefore defendant could introduce parol evidence as to the real owner who had received the proceeds of the sale. Plaintiff replies that the label on the document—"Trust Receipt"—is unimportant; that it is the terms of the contract which must prevail, not an arbitrarily applied name; that the document is a combination of a receipt and contract, and that the law applicable is that, while the receipt of the merchandise may be questioned by parol testimony, the contract obligations cannot be changed.

In the instant receipt appears repeated acknowledgment that plaintiff owned the merchandise. The language is, "said merchandise . . . being the property of the Company" (plaintiff) for sale only, "with the understanding that after sale we will remit the proceeds" to plaintiff. The defendant agreed to hold said merchandise in trust for the plaintiff subject at all times to the order of plaintiff, and not to pledge or in any other way to use the same or the proceeds thereof for the account of defendant or for any purpose other than above specified. Should said merchandise be released for sale and actually sold the defendant agrees to notify the plaintiff forthwith, and immediately upon receipt to deliver to plaintiff the proceeds, whether in the form of money or otherwise.

Defendant further agreed to keep the merchandise and "the proceeds thereof . . . separate and capable of identification as the property of the" plaintiff, and also by all entries in its books and records, clearly to indicate that the property or proceeds belonged to the plaintiff. There was also an agreement that plaintiff might at any time cancel this agreement and take possession of the merchandise, which defendant agreed to

surrender, and that no rights of the plaintiff should be waived "unless in writing endorsed hereon and properly signed by the" plaintiff. This document was duly signed by the defendant.

By its amended affidavit of merits defendant admits the receipt of the merchandise but denies that plaintiff was the owner; it alleges that one N. Subramonia Iyer was the owner and that he had requested plaintiff to act as his agent in the disposition of said merchandise; that Iyer signed a bill of lading in which it was ordered that the merchandise should be delivered to plaintiff; that plaintiff advanced no sums of money to Iyer in connection with the transaction, neither was Iyer indebted to it; that after defendant had sold the merchandise Iyer claimed the proceeds as owner; that defendant "then made an investigation of the facts and found" that Iyer was the true owner; that this defendant paid Iyer in full for the merchandise.

Defendant's position is that it is not bound by the recitals in the receipt that the merchandise is the property of the plaintiff, and it may disregard the obligations to account to plaintiff for the proceeds, but may deal directly with the owner; that these provisions may bind the plaintiff but not the defendant. Cases cited to support this are not in point. A typical case cited by defendant is *Ludeke v. Sutherland*, 87 Ill. 481, where plaintiff sold to defendant a tract of land supposed to contain about 140 acres for a certain price; there was an oral agreement that if a survey showed the tract to contain less or more than 140 acres this price would be adjusted according to the survey; the deed described the land as containing 140 acres "more or less"; after the deed had passed a survey was made showing approximately nine acres in excess of 140; plaintiff brought suit at the price agreed on for this excess and had judgment, which was affirmed. It was held that parol proof did not tend to change or modify the legal

effect of the writings. Other cases cited by defendant may also be distinguished from the instant case.

Supporting plaintiff's position is *Loeb v. Flannery*, 148 Ill. App. 471. There defendant Flannery gave a written receipt to Loeb acknowledging receipt of "one thousand dollars to be held by me for him (Loeb) and to be returned to him by me upon ten days' notice in writing." The defense sought to show by parol testimony that the money was in fact to be paid to a third party. The court held that the document was both a receipt and a contract, calling for the application of the rules of evidence applicable to both; that in so far as it was a receipt for money it was open to contradictory evidence, but parol testimony would not be admissible to change the obligation of defendant to return the money to plaintiff.

The attempt of the defendant in the instant case is to change its written undertaking to account to plaintiff for the proceeds of the sale by substituting a third party as the object of its obligation. Parol evidence to effect such a change would violate the established rule stated in 22 C. J. 1234, note 26, that "the general rule against the admission of parol evidence to vary or contradict a written instrument has been held to preclude the admission of evidence to show that the real parties to the instrument are other than those whose names appear in or are signed thereto."

The rule that under some circumstances parol evidence may be introduced to prove an undisclosed principal is not applicable here. In *Barker v. Garvey*, 83 Ill. 184, cited by defendant, it appears that the contract was ambiguous as to who was to receive the money. There is no ambiguity in the present contract, especially with reference to the parties and their obligations thereunder. Defendant was clearly bound by its admissions in the contract of ownership in plaintiff, and by its agreements to account to it, and parol evi-

dence is not admissible to change these recitals. *Wynkoop v. Cowing*, 21 Ill. 570, and cases therein cited.

We see no reason to disagree with the conclusion of the trial court, and the judgment is therefore affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.