Lucya Gliwa, Appellee, v. Washington Polish Loan and Building Association, Appellant.

Gen. No. 41,575.

Opinion filed May 19, 1941.   Supplemental opinion filed and rehearing denied June 17, 1941.

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND and KARGMAN & KARGMAN, both of Chicago, for appellant; ALBERT E. JENNER, Jr., of Chicago, and WALLACE I. KARGMAN, of counsel.

KELNER & KELNER, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

## I.

This appeal by defendant is from a summary judgment for $13,152.70, and an order denying a motion to set it aside. The procedure was under section 57 of the Civil Practice Act (Smith-Hurd Ann. Stats., ch. 110, par. 181, p. 485 [Jones Ill. Stats. Ann. 104.057]); Rule 15 of the Supreme Court (Smith-Hurd Ann. Stats., ch. 110, § 259.15, p. 523 [Jones Ill. Stats. Ann. 105.15]).

Complaint was filed May 22, 1939. Motions to strike were denied but an amended complaint was filed. It is in two counts. The first consisting of seven paragraphs is in substance for money had and received and against the corporation alone. The second count charged several defendants with conspiracy to appropriate plaintiff's money. The judgment order reserved for future trial the action stated in the second count.

The first count alleged (naming particular dates) the deposit by plaintiff with defendant, beginning June 15, 1920, and ending July 10, 1926, items amounting to $9,040. It also alleged a credit on that date of $960 interest, and delivery to plaintiff by defendant "Certificate of Paid-Up Stock," etc., $10,000, par value $100 per share. It avers that until June 1935, defendant acknowledged this indebtedness and made payments to plaintiff (stating items) but thereafter denied its relationship and debt to plaintiff. Another paragraph charged defendant had accumulated large sums of money since 1932, applicable to the retirement of this certificate.

Defendant answering admitted incorporation; denied plaintiff opened an account June 15, 1920; credit of interest; delivery of certificate; that plaintiff had $10,000 on deposit; was the owner of paid-up shares; that defendant acknowledged the indebtedness or made payments thereon, but admitted it denied any such

debt in 1935. The answer further set up *res adjudicata* and the statute of limitations as defenses.

A motion to strike was denied. Plaintiff moved for summary judgment supported by an affidavit of twenty-three paragraphs with fifteen exhibits, a transcript of testimony of Martin Oleszkiewicz upon oral deposition, a like transcript of a part of a similar examination of plaintiff, and the affidavit of a handwriting expert with exhibits attached. In opposition defendant submitted its verified answer, amendment and motion to strike plaintiff's motion, two counter-affidavits and a transcript of testimony of plaintiff.

## II.

Defendant says the trial court should have held the summary judgment procedure inapplicable because of the complex nature of the case. From the first enactment of a summary judgment procedure statute in this State (Laws of Illinois, 1853, p. 172), in the adoption of this procedure in England (1855, See Bills of Exchange Act, 18 and 19, Vict. c. 67), in the Practice Act of 1872 (Rev. Stat. 1874, ch. 110, § 37), later in section 55 of the Practice Act of 1907, and now in section 57 of the Civil Practice Act, it is said the intention is manifested to limit summary procedure to cases simple in their nature. *Workman & Clark & Co. v. Brazileno,* 1 K. B. 968, 978; *Lagos v. Grunwaldt,* 1 K. B. 41; *Fisher v. Sun Underwriters Ins. Co. of New York,* 55 R. I. 175, 179 Atl. 702, 705; Clark & Samenow, 38 Y. L. J. 423, 424; *Berick v. Curran,* 55 R. I. 193, 179 Atl. 708, 710. The authorities so hold but do not undertake to lay down any precise rule. Manifestly this is a matter which must be left largely to the discretion of the trial judge. He should be quick to sense the actual situation. The mere fact that defendant presents complicated defenses may prove he has astute, able and learned counsel. It does not necessarily

prove the case is complex or complicated. To so hold would emasculate the statute. The statute limits the procedure to actions on contracts, express or implied. If further limitation was thought necessary or wise it would undoubtedly have been stated in the statute or rule. The case here is on an implied contract. It is in substance for money had and received. The complaint alleges deposits by plaintiff with defendant, and defendant's refusal to repay. The evidence is largely in possession of the association. The case is not complicated except as defendant makes it so. The trial judge thought so. We do not disagree.

## III.

Defendant points out the rules which guide the courts. The procedure may not be used to impair right of trial by jury. *Diversey Liquidating Corp. v. Neunkirchen,* 370 Ill. 523. The purpose of the procedure is not to try an issue of fact as that term is used in law but rather to try whether there is an issue of fact between the parties within the legal meaning. The method is necessarily inquisitorial. The pleadings (important) are not controlling. If it appears from facts stated in affidavits or documents that the answer pleaded is sham or false or frivolous it will be disregarded. If there is a material issue of fact it must be submitted to a jury. In *Berick v. Curran,* 55 R. I. 193, 179 Atl. 708, 710, this procedure is well described as, ''a two-edged weapon—useful if it precludes the interposition of defenses for delay, but dangerous if it deprives a defendant of the opportunity to have a trial of seriously contested questions of fact or law.''

The authorities say affidavits for plaintiff should be construed strictly, those for defendants liberally. Shientag, 4 Fordham L. R. 186; *Gleason v. Hoeke,* 5 App. Dist. of Col. 1, 4-5; *Fidelity & Deposit Co. v. United States for use of Smoot,* 187 U. S. 315, 320;

*Wells v. Alropa Construction Corp.*, 82 Fed. (2d) 887, 889, are cited.

Plaintiff's right to judgment should be free from doubt. Lord Esher in *Sheppards & Co. v. Wilkinson & Jarvis,* 6 T. L. R. 13, and many other cases.

Even if defense papers are found insufficient, judgment should not be ordered unless plaintiff's affidavit (strictly construed) leaves no question of defendant's liability. *People for use of Dyer v. Sanculius,* 284 Ill. App. 463, 474-475; *Weiss v. Goldberger,* 209 App. Div. 615, 205 N. Y. S. 1, 3; 4 Fordham L. R. 186, 216; *Wm. H. Frear & Co., Inc. v. Bailey,* 127 Misc. 79, 214 N. Y. S. 675, 677.

If the defense is "arguable," "apparent," made in "good faith" it should be submitted to a jury. *Fidelity & Deposit Co. v. United States for use of Smoot,* 187 U. S. 315, 320. The court is bound to accept statement of facts as true when alleged in defendant's affidavits. The whole record must be considered.

Conceding the rules to be as stated it remains to apply them in this case. As stated, plaintiff's action in so far as this defendant is concerned is an action for money had and received. The Supreme Court has held this an appropriate kind of action in a case of this kind against a building and loan association. *Prairie State Loan & Bldg. Ass'n v. Gorrie,* 167 Ill. 414, 418.

## IV.

The affidavit of plaintiff shows defendant is an Illinois corporation, she the widow of Jacob Gliwa with whom she jointly owned real estate in Cook county. He died December 9, 1919, and she received from the Industrial Commission an award of damages of $4,037. She afterward sold the real estate to Bronislaw Pisarek and Katarzyna Pisarek for $4,100 of which $100 was paid in cash. She had an account with defendant opened June 6, 1922, when she deposited $300.

It was No. 834. She had an account of $1,500 with another association. October 2, 1926, she withdrew the $1,500 by check and deposited it with defendant. The Pisareks (to whom she sold her real estate) had an account with defendant, No. 665, which would mature for $2,000 in April 1927. Jozef Stachnik (Mrs. Pisarek's father) had an account with the defendant, No. 582, for $2,100 which would mature in October 1926. These were transferred to plaintiff's account in payment for real estate. This was done through Michael P. Nowaczyk, authorized secretary of defendant. Plaintiff then executed a deed conveying the real estate.

April 15, 1932, at the office of the association, Michael P. Nowaczyk, the secretary, took from plaintiff her pass book and certificate. In lieu thereof he gave to her a judgment note, a photostatic copy of which is attached to the affidavit (exhibit 15). In the left-hand corner is a number. In a blank in the right-hand corner appears the figures $9,610. It is dated at Chicago, 4-15-1932, and in substance states that one year after date the makers promise to pay that sum with interest at 3 per cent to the order of Lucya Gliwa. The note is signed by Michael P. Nowaczyk and Stella Nowaczyk. In the lower left-hand corner is the impression of the large Notarial Seal of Michael P. Nowaczyk. Size, color and quality of the paper indicate it is an imitation of the stock certificates issued by defendant association, and well designed to appear to plaintiff to be such certificate. On the back of this "judgment note" 29 payments are indorsed, all but one in the handwriting of the secretary. The last payment indorsed is June 19, 1935. The affidavit of plaintiff shows this "judgment note" was delivered to her on the date it bears at the office of defendant by its secretary, and at that time defendant owed to her this sum of money. Judgment was entered for that amount with interest less payments.

The affidavits for plaintiff are based upon personal knowledge of those who made them as required by rule 15 and section 57 of the Civil Practice Act. The affidavits set forth with particularity the facts upon which plaintiff's cause of action is based. Copies of papers upon which plaintiff relies are attached. These affidavits consist of facts admissible in evidence which affiants, if sworn as witnesses, could testify about. Section 57 of the statute provides that upon filing of such affidavits by plaintiff judgment "*shall* upon plaintiff's motion" be entered in the plaintiff's favor *unless* by affidavit of merits *defendant shall show that he has a sufficiently good defense on the merits to all or some part of the plaintiff's claim to entitle him to defend the action.*

## V.

The question comes to this, whether defendant's affidavits present any defense. Section 2 of rule 15 provides: "Affidavits of merits to prevent the entry of a summary judgment shall be drawn in the same manner as the affidavits mentioned in the foregoing paragraph of this rule."

We understand this means that just as plaintiff in supporting affidavits must recite facts to which the affiants could testify in open court, affidavits for defendants must recite facts to which the affiants could testify in open court.

The issue of fact is whether defendant owes plaintiff the amount of money stated in the note. We have gone through the counter-affidavit of fifteen paragraphs, covering pages 123 to 128 of the abstract. The counter-affidavit denies the defense is only for delay. It submits the affidavit of Martin J. Oleszkiewicz which says Account No. 834 "was liquidated and satisfied"; that plaintiff under the records in the account has no money due her. Answering paragraph 9 of plaintiff's affidavit, the counter-affidavit states "as hereinabove

set forth, account number 834 and the records of the Association disclose that there is no money due to the plaintiff under account number 834, and further that the aforesaid account number 834 represented transactions from June 6, 1922, to July 27, 1926, and that under the statute in such cases and under the answer all reference to such transactions during the years 1922 to 1926 is inadmissible as against defendant.'' As to the judgment note paragraph 8 of the counter-affidavit says, ''Defendant denies the allegations in such affidavit that it authorized its Secretary Michael P. Nowaczyk to give plaintiff a judgment note, being Exhibit 16 attached to the affidavit, and states that under no circumstances nor at any time did it ever authorize Michael P. Nowaczyk or any other officer or person to issue a judgment note to the aforesaid plaintiff.''

It would extend the opinion unduly to recite answers to other paragraphs similar in form and kind.

## VI.

June 25, 1940, the matter came on for hearing. The trial judge said defendant had filed rather ''peculiar documents.'' That one was a motion to strike the motion for summary judgment, the gist of defendant's motion being that because defendant had filed an answer denying liability and also raising the question of the statute of limitations, the motion of plaintiff for summary judgment should be stricken. The judge pointed out that defendant had failed to observe the rules and made no such denial of any of the facts set forth in plaintiff's affidavit as would be permissible if the maker of the affidavit had been on the witness stand or attempted to testify. The judge said he would, therefore, entirely disregard the motion and the affidavits filed by defendant and examine the affidavit of plaintiff in support of the motion for summary judgment. He announced plaintiff's motion would be sustained. The attorney for defendant and

the court then engaged in a colloquy, in part as follows:

"The Court: How did the funds get in the hands of Michael P. Nowaczyk?

Mr. Kargman [Defendant's attorney]: Because Lucya Gliwa was dealing personally, privately with Michael P. Nowaczyk.

The Court: Where does this appear from your affidavit?

Mr. Kargman: Well, your Honor, it does not appear in my affidavit for this reason. . . .

The Court: Yes, but that must appear. Your affidavit of merits states nothing..

Mr. Kargman: Well, if your Honor please, our affidavit of merits states that deposition hearings were had.

The Court: Your affidavit of merits states absolutely nothing, because it did not make even a remote attempt to follow the rules.

. . .

Mr. Kargman: I will file an affidavit within an hour showing clearly and sufficiently that the records of the Association do not show—

The Court: Not what your records show. I want the facts.

Mr. Kargman: Well, those are the facts. How else can you show facts? Is there a better fact than records?.

The Court: Oh, yes, the facts are better than records.

. . .

Mr. Kargman: If you think I made a mistake—

The Court: I do not. If I thought you had a defense I would give you the opportunity to present it properly. I do not believe you have a defense.

. . .

Mr. Kargman: . . . I am asking in the interests of my client and in the interests of justice that a full

and complete hearing be given to my client. I will file such an affidavit.

The Court: That motion will be denied.

Mr. Kargman: Your Honor isn't granting me that one right?

The Court: No. No. Because it is quite clear what the whole story is. This illiterate woman has gained an advantage in this proceeding. She should have the full benefit of it and I am going to give it to her.

. . .

Mr. Kargman: . . . Is it because this is a corporation that it should be penalized?

The Court: Mr. Counsel—

Mr. Kargman: I am highly incensed at this proceeding, Your Honor.

The Court: I know you are."

Summing up the facts as the same appeared from affidavits and documents of both parties, the court said: "There is not a word of denial that these moneys were brought to the office of the corporation. Judgment will be in favor of the plaintiff."

The statement of the trial judge seems justified. There was no attempt on the part of defendant to comply with rule 15. Under the rule and the statute plaintiff was entitled to judgment unless her affidavits were insufficient.

## VII.

Defendant argues plaintiff was not so entitled because (he says) there was a fatal variance between plaintiff's pleadings and her summary judgment affidavit. The variance is said to be that the complaint was based on a $10,000 certificate of paid-up stock in defendant corporation, while the proof tended to show a case based on a judgment note for $9,610. The obvious answer is that count 1 of the complaint is not

based upon either of those documents. Plaintiff's action (as we have said) is in substance for money had and received, which is appropriate to this situation. *Prairie State Loan & Bldg. Ass'n v. Gorrie,* 64 Ill. App. 325, affirmed 167 Ill. 414. The allegations as to the stock certificate were mere surplusage and therefore immaterial in so far as the question of variance is concerned. *Pennsylvania Co. v. Conlan,* 101 Ill. 93; *Chicago West. Div. R. Co. v. Mills,* 105 Ill. 63; *Devine v. Illinois Cent. R. Co.,* 156 Ill. App. 369; Ill. Rev. Stat., ch. 110, § 43, par. 167 [Jones Ill. Stats. Ann. 104.043].

It is next urged that the first count of the complaint was fatally defective and that substantial defects were not waived by answering because the complaint is insufficient to sustain a judgment, and for that reason the judgment should be reversed on review. *Cottrell v. Gerson,* 371 Ill. 174, 179, affirming 296 Ill. App. 412. Moreover, it is said the motion for summary judgment reopens the question of the sufficiency of the complaint. Defendant cites Shientag, 4 Fordham L. R., 186, 203; *Fuller v. General Accident Fire & Life Ins. Co.,* 224 Wis. 603, 272 N. W. 839, 842. We do not question the rule as stated. We have already said the allegation of the first count as to the certificate was surplusage. It is objected the statements in the complaint as to money had and received are mere conclusions. If this is conceded it would not follow that the allegations were waived by answering or that the judgment when reviewed would be reversed.

It is further urged in this connection the court erred in failing to dismiss count 2. Defendant then proceeds to argue this count also is fatally defective. The count is not before us. We will not discuss it until it is. We do not decide moot questions.

## VIII.

It is contended that since the answer set up the statute of limitations and plaintiff did not file a reply, the

defense of the statute stands admitted on the record and the judgment should therefore be reversed. *Watt v. Cecil,* 368 Ill. 510; *Lentz v. Miller Rubber Products Co.,* 296 Ill. App. 646; *Northern Trust Co. v. Archbold,* 303 Ill. App. 486, 494; *Wiedoft v. Frank Holton & Co.,* 294 Ill. App. 118, 126, are cited. That the rule applies as well on motion for summary judgment as on trial, defendant cites *Gardenswartz v. Equitable Life Assurance Society,* 23 Cal. App. 745, 68 Pac. (2d) 322. We do not question the general rule but the situation here is unusual in that the allegations of the complaint anticipated and negatived the defense of the statute of Limitations. In such case the general rule is not applicable. *City of Flora for use of Liberty Mut. Ins. Co. v. Bryden,* 300 Ill. App. 1.

## IX.

Defendant after the entry of the judgment made a motion to vacate supported by the affidavit of its secretary, to which a number of exhibits were attached. Allowance of such motion is ordinarily within the discretion of the court. *Treutler v. Halligan,* 86 Ill. 39. Defendant had notice of the first hearing under rule 21, section 1 of the circuit court, and full opportunity to reply to plaintiff's affidavits and documents. It does not undertake to excuse failure to present at the hearing information now first given on motion to vacate. It is not intended cases should be heard piecemeal under this procedure. The trial judge was of opinion the original affidavits of defendant were wilfully evasive. We agree. The affidavit in support of the motion to set aside tends to confirm that view. Reconsideration should rarely be necessary after a decision on a motion of this kind. Shientag, 4 Fordham L. R. 218. If further affidavits submit new matter, plaintiff should have an opportunity to reply to them. *National Builders Bank v. Simons,* 307 Ill. App. 562. The documents attached to this affidavit evidently had

been in the possession of defendant at all times. There is nothing in them which would justify allowance of the motion. Attached to the affidavits were a series of checks payable to plaintiff issued in 1934, and disproving its defense of the statute of limitations. It seems to still hold out other checks issued in 1935. A motion to vacate a summary judgment is proper. The mover should, however, make full and frank disclosure of evidence in his possession.

## X.

Plaintiff gave defendant money. That fact is established by all the evidence. Receiving the money a legal obligation was created. Defendant held the money deposited by plaintiff for plaintiff's use. How was that obligation discharged if it was in fact discharged? Defendant undertakes to interpose merely technical defenses such as the statute of limitations (now disproved by the checks produced by it on the motion to set aside the judgment but withheld on the hearing). Defendant's affidavits leave any meritorious defense it may have a matter of mystery. Did its secretary convert the funds paid in by plaintiff to his own use? If this is true defendant knows it and failed to frankly disclose. Manifestly the "judgment note" was either the obligation of defendant or the personal obligation of the signers. Defendant knows which. For some reason it fails to set forth the facts from which that ultimate question could be determined. Was the obligation that of the corporation or the private obligation of the secretary? The trial judge rightly said: "Not a single word in support of that defense is contained anywhere in the affidavits of defendant." The affidavits of plaintiff show the obligation is that of the corporation. If it is not the obligation of defendant but another, defendant under the statute and Supreme Court rule should set forth the particular transactions by which the obligation of defendant was

transferred into the personal obligation of its secretary. The facts should have been· set up. This was not done. Defendant's affidavits (including those submitted on the motion to set aside the judgment) leave its defense a matter of mystery and conjecture. Defendant cannot successfully defend in this proceeding that way.

*Judgment affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.

### SUPPLEMENTAL OPINION.

The petition for rehearing says the court overlooked its argument that the sum of $3,803.96 allowed for statutory interest at 5 per cent from April 15, 1932, to date of judgment, was erroneous. Plaintiff admits there was an error of $261.26 in the computation of this item and has filed a motion for leave to file a remittitur which we have allowed. The point that statutory interest should not have been included in the amount found due was not made in defendant's "Points Relied On" in its original brief. These points have been substituted for assignments of error. For the first time the point was made in defendant's reply brief, and plaintiff had no opportunity to answer it. We hold, however, plaintiff is entitled to recover interest under section 2 of the Interest Act (Ill. Rev. Stat. 1939, ch. 74, p. 1905 [Jones Ill. Stats. Ann. 67.02]).

Defendant suggests we overlooked "admissions" contained in plaintiff's prior pleadings, the transcript of examination of defendant's books and records and of defendant's oral examination. It also complains the opinion does not mention the fact of the death of Nowaczyk in 1935. The death of Nowaczyk was an admitted fact. While the opinion does not mention it, we were not unaware of it and assumed it to be true. Nor was the evidence which defendant again points out overlooked. The simple undisputed facts are that de-

fendant, through its secretary and at its office, received plaintiff's money to the amount stated in plaintiff's affidavit, and the testimony submitted in defense fails to show that defendant has repaid it or in any legal way ever satisfied the obligations arising out of the receipt of it.

The opinion will be slightly modified and the petition for rehearing denied.

*Petition for rehearing denied.*