Charles H. Soelke, Appellee, v. Chicago Business Men's Racing Association, Appellant.

Gen. No. 41,912.

Heard in the first division of this court for the first district at the October term, 1941. Opinion filed April 20, 1942. Rehearing denied May 4, 1942.

PAYTON J. TUOHY, of Chicago, for appellant.

ALEX KOEHN, of Chicago, for appellee; JOSEPH P. LOEWY, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In an action for attorney's fees plaintiff filed a complaint of two counts, the first claiming that under the terms of a written contract made by the incorporators of defendant, and afterwards approved by its officials, defendant was obligated to pay to plaintiff a retainer of $2,000 annually, irrespective of whether services were or were not rendered by him. It is alleged defendant paid $1,000 on account for the year 1938 but nothing whatever for the years 1939 and 1940, and that there was due the balance with interest at 5 per cent, because of vexatious withholding of payment. A second count declared for services rendered on a *quantum meruit*. Defendant answered denying the averments as to the

retainer and alleging all legal services rendered by plaintiff to defendant had been upon a *quantum meruit* basis for which plaintiff had been paid $1,000 in full satisfaction.

Plaintiff made a motion for summary judgment under section 57 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.057] and Rule 15 of the Supreme Court. In support of the motion he submitted his own affidavit and that of Mr. Vogelwede, to which were attached a number of exhibits. Defendant made a motion to strike plaintiff's motion for judgment and in support submitted the affidavit of Krutckoff, president of the defendant association during the years for which compensation is claimed. He also attached a number of exhibits. The court denied defendant's motion to strike plaintiff's motion, granted the motion of plaintiff and rendered judgment for him for $5,250. From that judgment this appeal is taken.

The trial judge did not avail himself of the opportunity given by the statute to place in the record the reasons persuading him to this decision. It is elementary that a motion under section 57 of the Civil Practice Act is not intended to be used as a means of trying an issue of fact. When there is such an issue defendant has the constitutional right to have it tried by a jury. *Diversey Liquidating Corp. v. Neunkirchen,* 370 Ill. 523; *Dwan v. Massarene,* 199 App. Div. 872, 192 N. Y. S. 577; *Wrobel v. Call,* 142 Misc. 610, 255 N. Y. S. 258; *Piedmont Hotel Co. v. A. E. Nettleton Co.,* 263 N. Y. 25, 188 N. E. 145; *People's Wayne County Bank v. Harvey,* 268 Mich. 47, 255 N. W. 436; and *Gliwa v. Washington Polish Loan & Building Ass'n,* 310 Ill. App. 465.

The proceeding under the statute and the rule is in the nature of an inquisition to determine whether there is an issue of fact to be tried. The pleadings, while important, are not controlling. Affidavits for plaintiff are to be construed strictly; for defendant liberally. *Gliwa v. Washington Polish Loan & Building Ass'n,* 310 Ill.

App. 465, 470. If so considered, the defense is "arguable," "apparent" and made in "good faith" it should be submitted to a jury. Affidavits must state only facts which, if called as a witness, the affiant might state on trial. Mere conclusions will not avail. The procedure is intended to be applied only to cases that are simple in their nature. These rules and others are stated in the authorities cited.

Applying these rules, we hold there are two issues of fact presented on this record. First, whether there was an agreement between the parties for the payment of a yearly retainer irrespective of services performed, and secondly, whether on this theory, or on the theory of a *quantum meruit*, there is anything due plaintiff. The affidavit of Krutckoff is to the effect that the $1,000 (which it is admitted by everybody was paid) was in full for everything due. While the first count proceeds upon the theory defendant is obligated to pay an annual retainer of $2,000, irrespective of services rendered, under the terms of clause 10 of a written contract between the parties, who subsequently caused the defendant company to be incorporated, and which it is said was afterwards approved in writing by officers of the defendant company. The written exhibits attached in support of the motion do not use the word "retainer" and negative a construction that a retainer as distinguished from actual services was intended by the parties. Under the terms of the contract it is stated to be agreed that throughout the term of the lease and all extensions and renewals thereof, Albert Sabath, representing parties of the first part, and Charles H. Soelke, representing parties of the second part, "shall be and are hereby employed as the attorneys for said enterprise, race track and leasehold estate, and shall be paid a like and equal sum as fees, *either per diem or per annum, as may be hereafter determined by the parties hereto and accepted by said Sabath and Soelke, in consideration for legal services hereafter to be rendered by*

*them for or on behalf of said leasehold estate and race track and business, and that their fees in that regard shall be treated as part of the operating expenses of the business; it being understood and agreed, however, that in the event the party of the first part purchases the interests of the parties of the second part in said enterprise or vice versa, that the relations of the respective attorneys aforesaid representing them as aforesaid shall terminate."*

Krutckoff was president of defendant during the years for which plaintiff claims. He denies under oath that any agreement for a retainer was made, and further says that the $1,000 paid was in full for services rendered by plaintiff.

We hold under the rules already stated that there was presented in apparent good faith defenses which should be submitted to a jury. The judgment will therefore be reversed and the cause remanded for trial.

*Reversed and remanded.*

McSurely, P. J., and O'Connor, J., concur.