Midwest Grocery Co., a Corporation, Plaintiff-Appellee, v. John G. Danno, Defendant-Appellant.

Gen. No. 48,095.

First District, Second Division.

February 21, 1961.

George Yellen, of Chicago, for appellant.

Elward and Macie, of Chicago (Edward S. Macie and Paul F. Elward, of counsel) for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

The Midwest Grocery Co. brought this suit against the defendant, John G. Danno, for $2,028.78, the balance due for groceries furnished by the plaintiff. The defendant denies being indebted to the plaintiff and appeals from a summary judgment entered in favor of the plaintiff.

Section 57 of the Civil Practice Act (Ch. 110, section 57 (3) Ill. Rev. Stat.) provides for the entry of summary judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment or decree as a matter of law." The Supreme Court in Allen v. Meyer, 14 Ill.2d 284, 292, 152 N.E.2d 576, has commended the use of the summary judgment procedure "in any proper case."

"Summary judgment procedure is an important tool in the administration of justice. Its use in a proper case, wherein is presented no genuine issue as to any material fact, is to be encouraged." The question is whether this is a proper case for the rendering of a summary judgment.

The plaintiff is a corporation "organized for the purpose of obtaining the advantages of cooperative purchasing, planning, advertising and merchandising" for its members. Exhibits attached to the plaintiff's complaint show that it sold a total of $3,728.78 worth of merchandise and groceries to "John G. Danno, (Danno's Food City)" from May 18, 1959 through August 7, 1959.

Attached to the plaintiff's supplemental affidavit is a membership agreement, dated June 2, 1959, whereby Danno's Food City is accepted as a member in the plaintiff's organization. Danno's Food City is referred to therein as the "first party". The agreement recites that the "first party now owns and operates a food store at the following address: 3947 W. Irving Park . . . the first party has paid to second party (plaintiff) the sum of One Thousand ($1,000.00) Dollars, the receipt whereof is hereby acknowledged . . . Second party agrees to sell to first party any and all merchandise desired by him in the same quality and at the same price and under the same conditions as it sells to all present members." The agreement is signed by John G. Danno.

The plaintiff's affidavits and exhibits reveal that the defendant John G. Danno paid $1,000.00 by his individual check on June 2, 1959. The defendant paid $700.00 to the plaintiff on June 12, 1959. The de-

fendant's third check for $50.00, dated September 23, 1959, was returned, marked "Not Sufficient Funds."

Attached to the supplemental affidavit of the plaintiff's director and president, Mr. William Garrity, is an invoice for $1,390.93 worth of groceries and merchandise, delivered on June 5, 1959, and allegedly signed by John G. Danno. Mr. Garrity swore in his affidavit that the plaintiff delivered the groceries to John G. Danno, c/o Danno's Food City, 3947 W. Irving Park, and swore that he has personal knowledge that the same were received and signed for by said John G. Danno. The invoice of $1,390.93 is a part of the statement of account. Mr. Garrity swore that the statement of account was mailed to the defendant on October 7, 1959 and that the defendant has never made any objections to the correctness of said statement or any part thereof.

The defendant urges that there were genuine issues of material facts and that the summary judgment procedure was improper. His principal defense is that he was acting on the behalf of his brother, Joseph Danno, the owner of Danno's Food City. He denies that he ordered the groceries or accepted the deliveries "on his own behalf." He says that the monies paid were paid at the request and on the behalf of his brother and that he signed the membership agreement on the behalf of his brother. In his counteraffidavit, the defendant says that at the time of signing the membership agreement, it was not filled out, and that "he was told by the party who submitted said document to him that he was signing same for and on behalf of his brother, Joseph Danno, and not on his own behalf and that said document would be completed in that manner." He further denies that the signature appearing on the plaintiff's invoice is his signature; he denies that he affixed his signature to the invoice or authorized the signing thereof. He also

denies receiving the statement of account from the plaintiff.

The plaintiff contends that the defendant's answer and affidavits have no legal merit because they are non-responsive, evasive and conclusory. Section 40 of the Civil Practice Act (Ch. 110, sec. 40, Ill. Rev. Stat.) provides that "(1) . . . Every answer and subsequent pleading shall contain an explicit admission or denial of each allegation of the pleadings to which it relates . . . (3) Denials must not be evasive but must fairly answer the substance of the allegation denied." Supreme Court Rule 15(1) requires that "Affidavits in support of and in opposition to a motion for summary judgment . . . shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto."

The plaintiff argues that the defendant's answer and affidavits, tested against the requirements of the Civil Practice Act and the Supreme Court Rules, are clearly inadequate, however, we do not agree. The complaint is against John G. Danno, individually and doing business as Danno's Food City. The defendant in his answer denies that he is doing business as Danno's Food City. The complaint charges that the plaintiff "at the special instance and request of defendant, John G. Danno, furnished defendant John G. Danno with divers articles of groceries. . . ." The defendant denies that the merchandise "were furnished to this defendant at this defendant's special instance and request." These denials specifically controvert the allegations contained in the pleadings.

■ The defendant's counteraffidavits opposed to the entry of summary judgment are similarly explicit and raise genuine issues of material facts. We have held in numerous cases that in a proceeding for summary judgment, affidavits for plaintiff must be construed strictly and affidavits for defendants liberally. Gliwa v. Washington Polish Loan & Building Ass'n, 310 Ill. App. 465, 470, 34 N.E.2d 736; Soelke v. Chicago Business Men's Racing Ass'n, 314 Ill. App. 336, 338, 41 N.E.2d 232; Fellheimer v. Wess, 316 Ill. App. 449, 45 N.E.2d 89. So construed, it would seem that the defendant's sworn statement that he was acting on the behalf of his brother, Joseph Danno, the owner of Danno's Food City, is sufficient to present a genuine issue of fact before a jury.

■ ■ "The purpose of the summary judgment procedure is not to try an issue of fact, but rather to determine whether there is an issue of fact. The matter is necessarily inquisitorial. If there is a material issue of fact, it must be submitted to the jury. The right of the moving party to a judgment should be free from doubt." Bertlee Co., Inc. v. Illinois Publishing & Printing Co., 320 Ill. App. 490, 495, 521, 52 N.E.2d 47; Great Atlantic & Pacific Tea Co. v. Town of Bremen, 327 Ill. App. 393, 401, 64 N.E.2d 220; Ublasi v. Western & Southern Life Ins. Co., 327 Ill. App. 412, 64 N.E.2d 233.

■ ■ The plaintiff contends that the defendant would be barred by the Parol Evidence Rule from testifying as to the capacity in which he signed the Membership Agreement. However, it is clear from the record that the basis for this suit is a parol order of merchandise and groceries and not a written agreement. Aside from that objection, it is also clear that the Membership Agreement is ambiguous as to the defendant's capacity in signing the instrument. As was said in 18 I.L.P., section 282, "Where there is on

123

the face of the instrument an ambiguity as to the capacity in which a party acts or contracts, parol evidence is admissible to show the capacity in which the instrument was signed." Plaintiff also quotes a portion of a statement from 32 C.J.S. 991, in regard to the admission of evidence to exonerate an agent from liability. The deleted portion of the quotation contains the following qualification: "However, if the paper bears on its face some reference to a principal, or some appellation or provision indicating representative capacity, thereby suggesting doubt as to the character in which the defendant acted, parol evidence is admissible to show that the contract was in fact that of defendant's principal and that it was so understood between defendant and the other contracting party." 32 C.J.S. 965–966.

In Gliwa v. Washington Polish Loan & Building Ass'n., supra., the court said that if in the liberal construction of the defendant's affidavits, it appears that the defense is "arguable, apparent, and made in good faith," it should be submitted to a jury. This standard, applied to the affidavits in the instant case, requires that the case be tried by a jury to resolve the genuine issues of material fact as to the defendant's capacity in the instant transaction.

Judgment is reversed and the cause remanded for trial on the issues.

Judgment reversed and cause remanded.

FRIEND, J., concurs.

BURKE, P. J., dissenting:
The defendant does not deny that the merchandise was furnished to him. He denies that it was furnished to him at his special instance and request. His affidavit states that he "does not operate or own the business known as Danno's Food City." This al-

legation is unresponsive and evasive because it is limited to the present tense. The relevant date of defendant's operation or ownership is not as of January 4, 1960, after the instant suit was filed, but as of the period from June to August 1959, when the groceries were ordered and delivered. It is significant that defendant's affidavit does not allege that he did not own or operate the store as of the period the groceries were ordered and delivered. Defendant's affidavit does not deny the ordering by or delivery to defendant but seeks to evade by saying that "this defendant did not order merchandise and groceries from the plaintiff as shown in statement of plaintiff attached *on this defendant's behalf,* and denies that he accepted deliveries thereon *on his behalf."* (Italics ours.) Defendant's affidavit states that he "has not paid any monies to plaintiff for his own account" and that any monies paid were paid at the request for and on behalf of the owner of the store at the request of the owner. Defendant indulges in the evasive negative pregnant and unsupported conclusions. He does not deny that he issued his personal checks and made the payments but denies that they were made for his own account. There is no denial of the issuance of the checks by the defendant in his individual name.

Defendant's affidavit admits that he individually signed the membership agreement with plaintiff and the three checks to plaintiff in payment on account of the furnished groceries. His allegations that his signatures on the membership agreement and on the checks were not intended to bind him but to bind an undisclosed principal could not create a genuine issue as to material fact. The Parol Evidence Rule bars defendant's theory of the case. This rule prohibits the reception of parol evidence to modify or vary the terms of a writing, and under this rule defendant would be precluded from attempting to prove that

125

the writing creating and evidencing an obligation on him individually was intended to create and evidence an obligation on some third party not disclosed in the writing. Since such evidence would be inadmissible in the trial, the allegations present no bar to plaintiff's motion for summary judgment. See Hypes v. Griffin, 89 Ill. 134; P. & O. Banking Corporation v. Wurm Brothers Co., 282 Ill. App. 560, 564.

Defendant's allegations are so nonresponsive, evasive and conclusory that they should be disregarded. They violate the letter and spirit of Supreme Court Rule 15(1) that the allegations "shall not consist of conclusions but of facts admissible in evidence." There is no genuine issue of fact. Therefore the judgment should be affirmed.