## John H. Ladd, Appellee, v. Ernest C. Ladd et al., Appellants.

### Gen. No. 5580.

1. APPEALS AND ERRORS—*when question not saved for review.* The action of the trial court in permitting files to be supplied is not saved for review in the absence of an exception having been preserved.

2. FORCIBLE ENTRY AND DETAINER—*what essential to recovery.* In order for the plaintiff to recover in an action of forcible entry and detainer it is essential that he establish that at the time of the commencement of the action he was entitled to the possession of the premises in question.

3. FORCIBLE ENTRY AND DETAINER—*what does not show right of possession.* A judgment in ejectment rendered in an action between the same parties as those involved in the forcible entry and detainer suit does not establish the plaintiff's right of possession at the time of the commencement of the action by him in forcible entry and detainer.

4. DISMISSAL—*when not allowed on appeal.* The appellant cannot dismiss on appeal a defendant to an action of forcible entry and detainer against whom a judgment has been erroneously entered.

Forcible detainer. Appeal from the City Court of Kewanee; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 13, 1912.

STURTZ & EWAN and WILSON & CUMMINGS, for aplant.

ANDERSON & ANDREWS, for appellee.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

This is an action of forcible entry and detainer, commenced before a justice of the peace, where defendants had judgment, and plaintiff appealed to the City Court of Kewanee, where plaintiff recovered judgment, and defendants appeal.

Before the case was tried in the City Court plaintiff asked and obtained leave to file a copy of the complaint, which, the affidavit of his attorney says, was not among the papers transmitted by the Justice, and which he believes has been lost. Defendants assign error upon the action of the trial court in permitting plaintiff to supply the files in that way; and they devote considerable of their brief and argument to that assignment. Suffice it to say, defendants made no objection to that action of the trial court, and took no exception to said proceeding, which could only be preserved by bill of exceptions, which was not done, and is therefore not before us.

Upon the trial, plaintiff introduced in evidence, over the objection of the defendants, a transcript of his judgment against Ernest C. Ladd and Grace L. Ladd in an action in ejectment, obtained in the Circuit Court of Henry county, Illinois, for the same premises in controversy in this suit.

The only testimony offered was that of plaintiff, who testified that defendants lived in the property in question from the time this suit was begun until the time of trial, but wholly fails to show how he is entitled to its possession. Neither does the complaint show how he is entitled to it nor how the defendants have violated the Forcible Entry and Detainer Act. The complaint alleges that he is entitled to the possession of said premises, and that defendants unlawfully withhold the possession thereof from him.

The evidence does not show whether defendants' entry was forcible or peaceable and unlawfully withheld, or made into vacant or unoccupied lands without right or title, or were lessees holding without right after determination, or whether said premises had been conveyed by any grantor in possession, etc., as provided by said Act. Woodbury v. Ryel, 128 Ill. App. 459. A suit under our Forcible Entry and Detainer Act, Chapter 57, Revised Statutes, is purely a statutory proceed-

ing and before the plaintiff can recover the possession of real estate in this summary manner, its provisions must be strictly complied with. Fitzgerald v. Quinn, 165 Ill. 354; Whitehill v. Cooke, 140 Ill. App. 520.

Appellee insists that the transcript of the ejectment judgment conclusively proves that he was entitled to the possession, etc. The judgment in the ejectment suit was as to the title of plaintiff to the premises. This suit could have nothing to do with the title, for various reasons, but was solely a question as to who had the right to the possession at that time.

The ejectment judgment was against only two of the defendants, and this judgment is against Isabella Ladd, also. Appellee admits this error, and moved the court to dismiss his suit as to said defendant, Isabella Ladd, which was denied, for obvious reasons. Plaintiff has judgment below against her for the possession of said premises and for costs and from which she has appealed and given bond to comply with in case that judgment is affirmed. The granting of that motion would not release the judgment below against her.

For the errors above the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*