First National Bank of Philadelphia, Pennsylvania, Respondent, v. The National Park Bank of New York, Appellant.

First Department, December 31, 1917.

**Bills and notes — presentation of check through clearing house and tentative entry thereof on books of drawee — return of check on notice of insolvency of drawer — when no acceptance which entitles payee to recover of drawee — estoppel — custom of clearing house.**

Where the plaintiff, a bank named as payee of a check drawn upon the defendant bank, forwarded the instrument to its correspondent for collection and the correspondent presented the check through the New York clearing house, of which the drawee was also a member, and the drawee on receiving the check through the clearing house made a tentative entry thereof on its books, but did no unequivocal act indicating an intention to pay the check and returned it the same day to the correspondent bank on learning that the drawer had been taken over by the banking department of a foreign State, the payee is not entitled to recover on the theory that the drawee had irrevocably accepted the check.

On the facts aforesaid there is no estoppel as between the payee and drawee, as the latter neither canceled the check, nor marked it paid, nor retained it.

The plaintiff not being a member of the New York clearing house, is not bound by the constitution and rules of that institution.

Appeal by the defendant, The National Park Bank of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of May, 1917, upon the decision of the court after a trial before the court, a jury having been waived, and also from an order entered in said clerk's office on the 21st day of May, 1917, denying defendant's motion for a new trial and for leave to reopen the case.

*Louis F. Doyle,* for the appellant.

*Percy S. Dudley* of counsel [*Joseph S. Clark* with him on the brief], for the respondent.

Laughlin, J.:

The recovery was on a check drawn by the Mutual Trust Company of Orange, N. J., on the defendant for $18,231.66, to the order of the plaintiff. The plaintiff forwarded the

check to its correspondent, the Hanover National Bank of New York, for collection.   The Hanover Bank and defendant were members of the New York Clearing House and presentment was made through the clearing house, the rules of which provide for tentative settlements between the customers at the clearing house in the morning according to the claims of the respective customers with respect to the aggregate amount of the checks drawn on the other members which they then and there present and deliver in envelopes or packages marked with the amount to representatives of the other members; but the constitution and rules of the clearing house as construed by the clearing house committee seem to require the redemption by any member of any check thus paid through the clearing house and returned to it for any reason before three o'clock in the afternoon of the same day. The check in question was thus first paid through the clearing house on presentment there to representatives of the defendant in the manner stated, without, however, having been examined by them and without their knowing whether the account of the drawer was good for the amount.   On presentation and delivery of the checks at the clearing house the representatives of each member then send them to their bank for examination.  This may precede or follow the tentative settlement at the clearing house but such settlement is not affected thereby.   On receipt of the checks at the bank on which they are drawn they are separated and a slip is first made of the items drawn by each depositor and from this another slip is made showing the *aggregate* amount of the items drawn by each depositor and that is sent to the bookkeeper in charge of the ledger balances of the depositors before the checks have been examined with respect to their regularity and genuineness and he at once makes a tentative entry in red ink of this aggregate amount in the charging or debit column of the balance ledger account.   That was done in this case and that constitutes the only entry shown to have been made in the books of the defendant with respect to this check.   The drawer's balance at that time was sufficient to pay the check.   It does not appear definitely at what hour the examination of this check was made nor was it clearly shown that it was passed as regularly drawn.   At

about one-thirty P. M. defendant was notified by the State
Banking Department of New Jersey that it had taken charge
of the Mutual Trust Company of Orange and of its affairs
under the statutes of New Jersey that morning and formal
notice in writing to that effect was received by it from said
State Banking Department at about two-thirty P. M. That
was in effect a notice to stop payment of checks drawn by
the Mutual Trust Company. (*Columbia-Knickerbocker Trust
Co.* v. *Miller*, 156 App. Div. 810.) The defendant thereupon
erased the entry made in its balance ledger account with
respect to this check and returned it to the Hanover Bank
before three o'clock and demanded payment pursuant to the
rules of the clearing house, and the amount of the check for
which the Hanover Bank had received credit on the tentative
settlement through the clearing house was repaid to defendant
and the Hanover Bank took back the check and erased the
indorsement thereon to the effect that it had been paid
through the clearing house. The check was thereafter pre-
sented to defendant and payment was refused.

It appears that the defendant kept an account known as
an account current with its correspondents in which the
items are entered from day to day, but that account was
not offered in evidence, and there is no evidence that any
any entry was made therein with respect to this check.

Neither the plaintiff nor its collecting agent, the Hanover
Bank, had any notice or knowledge with respect to said entry
made by defendant in its balance ledger account unless it be
on the theory claimed by counsel for respondent that the
defendant in receiving the check at the clearing house became
the agent of the owner to present it to itself for payment
and that as such agent it had knowledge of what it did as
the drawee of the check and that its principal, the owner, is
presumed to have such knowledge. It is a little difficult
to follow that theory, but in view of the fact that the only
entry shown to have been made was not a final entry it is
not necessary to express a decided opinion on the point at
this time.

There is no evidence of estoppel as between the plaintiff
and the defendant. The check was neither canceled nor
marked paid nor retained by defendant.

The plaintiff contends that it is not bound by the constitution and rules of the clearing house as it is not a member thereof and that claim is sustained by the decision in *Columbia-Knickerbocker Trust Co.* v. *Miller* (215 N. Y. 191). The plaintiff, however, claims that acting under the rules of the clearing house the defendant undertook to present the check to itself for payment and that while it then had a right to reject it for any reason the same as it would have had a right to refuse payment as between it and the owner of the check, had the check been presented at the counter of the bank, still that by passing on the check to the extent shown and making the entry in the balance ledger account it manifested its intention to pay the check and to ratify the payment thereof which it had already made tentatively through the clearing house, and that its action became irrevocable. In support of that contention counsel for plaintiff relies upon *Columbia-Knickerbocker Trust Co.* v. *Miller* (*supra*) and *Baldwin's Bank* v. *Smith* (215 N. Y. 76) and kindred cases. Those decisions in view of the facts on which the adjudications were made are not necessarily controlling in the ultimate decision of the issues herein, but in both of them and in other cases cited and relied upon by the respondent the rule is stated to be that payment may be shown by the intention to make it evidenced by some unequivocal act such as bookkeeping entries or by the cancellation of a note or check and marking it paid, and in *Baldwin's Bank* v. *Smith* it was held that a direction to a bank by the maker of a note after the receipt of the note by he bank to pay and charge it to his account with a verbal agreement on the part of the bank that that would be done constituted a payment even though the bookkeeping entries were not made. This court, in *Hentz* v. *National City Bank* (159 App. Div. 743), prior to the two decisions of the Court of Appeals already cited, expressed the opinion that payment through the clearing house " is not a payment of any particular check and does not become so until the time within which the check may be returned has expired." Judge HAND, after those decisions by the Court of Appeals, which he considered, expressed views to the same effect. (*Eastman Kodak Co.* v. *National Park Bank*, 231 Fed. Rep. 320.) We do not deem it necessary at this

time to decide whether that statement of the rule must be deemed modified by the subsequent decisions of the Court of Appeals to which reference has been made, for even under the rule as stated by the Court of Appeals no unequivocal act on the part of the defendant indicating its intention to pay the check was shown in the case at bar and since the evidence does not show whether or not there were other entries made by the bank concerning this check which may afford a basis for a recovery by the plaintiff, we think there should be a new trial to the end that the facts may be fully developed.

The appeal from the order should be dismissed, without costs, and findings numbered VII, VIII and XII, which are inconsistent with these views, and the conclusions of law and judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.