Robert Brunton, Appellant, v. Ben Habel, Appellee.

Gen. No. 44,193.

Opinion filed February 16, 1948.   Released for publication March 2, 1948.

HANSEN & HANSEN, of Chicago, for appellant; LEITH M. HANSEN, of Chicago, of counsel.

SOELKE & KEEHN, of Chicago, for appellee.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff, in a forcible detainer action instituted before a justice of the peace, appeals from an adverse judgment entered in the circuit court on appeal by defendant.

Plaintiff claims title to the premises in question under a quitclaim deed dated August 11, 1944, from

grantors basing their title, through mesne conveyances, on a tax deed issued July 12, 1934. There is no evidence that plaintiff, or any of the persons through whom he claims title, was ever in actual possession of the premises. When or how defendant acquired possession is not shown. It does appear that on May 2, 1946, plaintiff served on defendant a demand for immediate possession and also a 5 days' notice reciting that there was then due $30—the rent for the month of May. At that time defendant was in actual peaceable possession of the premises and operating a garage thereon. Plaintiff offered no evidence except that establishing his title through the tax deed, and the service of the two notices on defendant. Defendant offered no evidence.

[1-3] Plaintiff contends that, having established title through the tax deed, the burden rested on defendant to show his right to possession. This is not the law. In *Fitzgerald v. Quinn,* 165 Ill. 354, the court said (365, 366) : "The person who is in the actual and peaceable possession of land will be deemed to be rightfully in possession, and the burden of proof is upon him who would dispute that possessory right. . . . One suing under the Forcible Entry and Detainer act must show a right of possession in himself, and he cannot rely upon the lack of right in those whom he seeks to dispossess. *McIlwain v. Karstens,* 152 Ill. 135." See also *Ladd v. Ladd,* 168 Ill. App. 302.

The judgment is affirmed.

*Affirmed.*

FEINBERG and O'CONNOR, JJ., concur.