Edward J. Greenfield, J.
The draft issued by the insurance
company in this case was a fully negotiable bill of exchange (Negotiable Instruments Law, §§ 20, 210). The words “ upon acceptance ” meant acceptance by the drawee bank (Negotiable Instruments Law, § 220). These words did not render the instrument conditional, since presentment for acceptance may be required for any check or bill of exchange (Negotiable Instruments Law, § 248; cf. Uniform Commercial Code, § 3-410, subd. [2]). A trade acceptance has always been deemed a negotiable instrument (Citizens’ Trust Co. v. Prescott & Son, 221 App. Div. 420, 422; Atterbury v. Bank of Washington Hgts., 241 N. Y. 231, 239; Mintz v. Kerry, 7 Misc 2d 76; 11 Arm Jur. 2d, §§ 15, 146); a banker’s acceptance even more so. Nonacceptance may be signified by the drawee bank either because it does not have sufficient funds of the drawer, or because the drawer has instructed it not to pay — exactly as in the case of a negotiable check or note.
Plaintiff, to whom the instrument was indorsed by the payee, took without notice of any defect, and is a holder in due course. The drawee bank did not irrevocably accept the draft by notification or delivery, despite its tentative approval of it (First Nat. Bank of Philadelphia v. National Park Bank of N. Y., 181 App. Div. 103); hence the holder’s right of recourse accrued against defendant, as the drawer (Negotiable Instruments Law, § 248). The defense of mistake in issuing the instrument is of no avail against plaintiff.