Falk's Food Basket of Easton, Inc. *v.* Selected Risks Insurance Company, Appellant.

Argued March 18, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Raymond J. DeRaymond,* with him *Coffin, Grifo and DeRaymond,* for appellant.

*Arnold J. Falk,* for appellee.

OPINION PER CURIAM, June 12, 1969:
Judgment affirmed.

---

CONCURRING OPINION BY MONTGOMERY, J.:
This appeal in an action in assumpsit brought by appellee, Falk's Food Basket of Easton, Inc., against appellant, Selected Risks Insurance Company, involves the interpretation of an instrument under the Uniform Commercial Code-Commercial Paper Act of April 6, 1953, P. L. 3, 12A P.S. §3-101 et seq. Both parties moved for judgment on the pleadings in the court below and Hon. WILLIAM G. BARTHOLD, President Judge, denied appellant's motion and granted appellee's motion.

Selected Risks Insurance Company has its main offices in Branchville, New Jersey, but has another office at 1244 Northampton Street, Easton, Pennsylvania, where, on April 23, 1966, it executed a paper in the form of a draft, which reads, inter alia, "Selected Risks Insurance Company, Branchville, N. J., DRAFT NO. 53745 . . . UPON ACCEPTANCE Pay to the Order of Marvin George, Sr., $288.10 . . . Payable Through The Branchville National Bank, Branchville, N. J." Marvin George, Sr., endorsed the instrument and delivered it to the appellee for sufficient consideration. Appellee deposited the instrument at Nazareth National Bank and Trust Company, and on May 5, 1966 was advised that

the instrument was returned because of "No loss Payee".

This instrument is called a draft by the parties but the appellant contends that it is not negotiable for the reason that the words, "UPON ACCEPTANCE", on the face of it require an acceptance. Appellant argues that these words so qualify the instrument that it does not contain "an unconditional promise or order", as provided by §3-104(1)(b) of the Code. Appellant acknowledges that The Branchville National Bank is not the drawee of this instrument but is merely the collecting bank. Section 3-120. As both drawer and drawee, which appellant admits being in its brief, appellant would have to accept this instrument if any acceptance is required. Therefore, the question in this case is whether an insurance company or any drawer of commercial paper who is also the drawee, by use of "UPON ACCEPTANCE", reserves all defenses against that insured or payee until it eventually accepts the instrument or pays it.

"UPON ACCEPTANCE" does not destroy the negotiability of this instrument because it is only a restatement of an "implied or constructive condition" of any draft or check, which must be accepted to charge the drawee. "A promise or order otherwise unconditional is not made conditional by the fact that the instrument (a) is subject to implied or constructive conditions;" Section 3-105(1). Cf. *Merson v. Sun Insurance Co.*, 44 Misc. 2d 131, 253 N.Y.S. 2d 51 (1964). However, the Code provides, "A draft drawn on the drawer is effective as a note." Section 3-118(a). Where a draft is drawn by one person on himself or itself, which has the effect of a promissory note or an accepted bill of exchange, it is considered to be accepted by the very act of issuing it and presentment and acceptance are not necessary to make the draft a liability of the drawer to the payee or holder. *Cable and*

*Wireless, Limited v. Yokohama Specie Bank, Limited,* 191 Misc. 567, 79 N.Y.S. 2d 597 (1948) ; 11 Am. Jur. 2d, Bills and Notes, §23. The use of "UPON ACCEPT-ANCE" on this note is superfluous for this additional reason.

In its opinion the lower court pointed out that, under §3-511(2)(b), notice is not required to be given to a drawer where he, himself, has countermanded payment. That is consistent with the principle applicable here, that a draft drawn by a drawer on himself has the effect of an accepted note or bill of exchange.

Since "UPON ACCEPTANCE" and "Payable Through" do not destroy this instrument's negotiability and there is no other allegation in the record that the appellee had any other notice of a defense against the instrument, appellee is a holder in due course. Section 3-302(1)(c).

Therefore, I concur in the affirmance of the judgment per curiam.

SPAULDING and CERCONE, JJ., join in this concurring opinion.