THE VILLAGE OF TREMONT, Plaintiff-Appellee, *v.* EDWARD G. ALBRECHT, Defendant-Appellant.

Third District   No. 76-213

Opinion filed December 13, 1976.

Edward G. Albrecht, of Pekin, for appellant, *pro se.*

Richard G. Hayes, of Pekin, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal filed pro se by Edward G. Albrecht, defendant, who was found guilty of the offense of speeding after a bench trial in the Circuit Court of Tazewell County. The trial court imposed a fine of $10 plus court costs against the defendant.

On June 30, 1976, the defendant filed a two-paragraph document which he entitled "Appellate Brief." On August 12, 1976, the Village of Tremont, hereinafter referred to as the Village, filed a motion to dismiss the appeal on several grounds, one of which was the defendant's failure to file a report of proceedings pursuant to Supreme Court Rule 323(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 323(c)). This motion to dismiss was denied on September 14, 1976. On November 2, 1976, the Village filed an appellee's brief and again raised the issue that the defendant has persisted in his failure to file excerpts from the record or an abstract as required by Supreme Court Rule 342(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 342(a)).

We note that in a document filed by the defendant entitled "motion for appeal" he acknowledges that he may have committed error in regard to the filing of certain documents or pleadings but requests this court's indulgence on the grounds that he lacks the requisite legal knowledge as to appeal procedures.

We are sympathetic with the defendant because of the problems which he has encountered. We demonstrated such concern for the defendant when we denied the Village's motion to dismiss this appeal and thereby gave to the defendant a chance to comply with the necessary procedural requirements. The defendant did not avail himself of this opportunity since as of this date no report of proceedings or abstract has been filed.

■■ A reviewing court cannot review the propriety of the trial court's actions where no report of proceedings or abstract has been filed pursuant to Supreme Court Rule 342. See Ill. Rev. Stat. 1975, ch. 110A, par. 342, also *Shaw v. Kronst* (1973), 9 Ill. App. 3d 807, 293 N.E.2d 153.

■■ Although an entire record is available, a reviewing court is not required to search such a record for the purpose of reversing a judgment. A deficient abstract of record may be overlooked and inadequate excerpts disregarded, but failure to file either abstract or excerpts warrants dismissal. *Denenberg v. Prudence Mutual Casualty Co.* (1970), 120 Ill. App. 2d 68, 256 N.E.2d 71.

For the reasons set forth the appeal of the defendant is dismissed.

Appeal dismissed.

ALLOY, P. J., and STOUDER, J., concur.