HERMAN SNEED GRAHAM, JR., Plaintiff-Appellee, v. SANDRA LOU EVISCHI, Defendant-Appellant.

Fifth District    No. 76-491

Opinion filed July 8, 1977.

JONES, J., dissenting.

A. Ben Mitchell, of Craig & Craig, of Mt. Vernon, for appellant.

Richard A. Cary, of Wham & Wham, of Centralia, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:
This is an appeal from a judgment of the circuit court of Marion County

granting plaintiff's motion for summary judgment in a forcible entry and detainer action.

Plaintiff and defendant were once husband and wife. They were married on June 4, 1954. On the third day of February 1959 the property which is the subject of this lawsuit was deeded to the plaintiff in his name alone. However, defendant contends that many times during the marriage the plaintiff assured her that the title was in both their names and that they owned the property jointly.

On July 18, 1966, the parties entered into a property settlement agreement which was incorporated into a divorce decree which in pertinent part reads:

"3. First party, Sandra Lou Graham, shall have the right to live in the dwelling house formerly occupied by the parties as a home in Salem, Illinois, which they own in joint tenancy. Said first party may live in and occupy said property for and during her natural life or until she remarries. In the event that first party makes repairs to the dwelling house during her occupancy in excess of $100.00 per job, second party agrees that he will reimburse her for such expenditures, if and when the house is sold, his reimbursing being limited to one-half of the amount expended."

On January 12, 1974, the defendant married Donald Evischi. On February 13, 1976, the plaintiff filed a suit for possession of said premises, claiming that he was possessed of the premises on February 3, 1959; that the parties entered into the aforesaid property settlement on July 18, 1966; that defendant was married on January 12, 1974, and that the defendant unlawfully withheld possession of the premises from him.

Thereafter the plaintiff filed a motion for summary judgment alleging that he owned the property in fee simple and that the terms of the agreement precluded defendant from continued right to possession of the premises because she had remarried.

Defendant, in answer to the motion, stated she had entered into the agreement for a valuable consideration and upon the representation that the property in question was owned by both parties in joint tenancy.

The trial court granted plaintiff's motion saying:

"Court makes this entry only as to possession and in no way makes any finding in regard to ownership of the property involved."

■■ The purpose of a summary judgment procedure is not to try an issue of fact, but rather to determine whether an issue of fact exists. (*Midwest Grocery Co. v. Danno* (1961), 29 Ill. App. 2d 118, 172 N.E.2d 648.) If the pleadings, affidavits and exhibits show that there is an issue as to any material fact, summary judgment must not be granted. *American National Bank & Trust Co. v. Lembessis* (1969), 116 Ill. App. 2d 5, 253 N.E.2d 126.

Plaintiff bases his claim of right to possession on the provision of the

separation agreement which provides that defendant may live in the house during her life or until she remarries. His claim is that since she has remarried she has lost the right to possession of the house and he is entitled to possession. However, plaintiff must show a right of possession in himself and cannot rely upon the lack of right in those he seeks to dispossess. *Jordan v. Weston* (1960), 26 Ill. App. 2d 498, 168 N.E.2d 809; *Brunton v. Habel* (1948), 333 Ill. App. 333, 77 N.E.2d 566.

■■■ Plaintiff concedes in his brief that the controlling issue in this case is whether he has a right to possession by reason of the parties' agreement. The question of title in this case is therefore irrelevant. The agreement states that the defendant could live in the house during the term of her natural life or until she remarries. Her remarriage may have terminated her right to occupy the premises, but it did not automatically give the plaintiff the right to possession. As stated before, in a forcible entry and detainer action, plaintiff must show a right of possession in himself rather than relying solely upon the lack of right in the other party.

■■ ▪ We note from the arguments in this case that there is another case now pending between the same parties involving title to these premises. We therefore call attention to the case of *Clore v. Fredman* (1974), 59 Ill. 2d 20, 28, 319 N.E.2d 18.

We had initially decided to dispose of this case pursuant to Supreme Court Rule 23 (Ill. Rev. Stat. 1975, ch. 110A, par. 23). However, upon reflection, we noticed certain precedential value in this opinion—it is brief.

The judgment of the circuit court of Marion County is reversed and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

CARTER, P. J., concurs.

Mr. JUSTICE JONES, dissenting:

The appellant in this case failed to file an abstract or excerpts of the record or to seek an order of waiver thereof. I accordingly am of the opinion that the case is governed by *Freeman v. Augustine's, Inc.*, 46 Ill. App. 3d 230, *Shaw v. Kronst*, 9 Ill. App. 3d 807, 293 N.E.2d 153, *Village of Trement v. Albrecht*, 44 Ill. App. 3d 373, and many other cases of recent vintage, and the appeal should be dismissed.