GREGORY LIALIOS, Plaintiff-Appellee, *v.* THE HOME INSURANCE COMPANIES, Defendant-Appellant.

First District (1st Division)    No. 79-2356

Opinion filed August 18, 1980.

Daniel T. Crowe, of Chicago, for appellant.

J. Henry Wolf, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Gregory Lialios, brought suit against defendant, The Home

Insurance Companies, the drawer of a draft, alleging that he was a holder in due course and seeking $1275, the face amount of the draft.

On December 21, 1978, defendant settled a workman's compensation claim with Costas Moulopoulos for $1275. On that date, defendant through its duly authorized agent, issued draft No. 19668648, drawn upon defendant, payable through Citibank, New York, New York, and made payable to Moulopoulos. The draft states on its face "upon acceptance pay to the order of Costas Moulopoulos."

On December 28, 1978, Moulopoulos returned to defendant and stated that he lost draft No. 19668648 and requested another draft. Defendant issued a stop payment order on draft No. 19668648 and issued Moulopoulos another draft.

Moulopoulos had not lost draft No. 19668648, but instead had negotiated it to plaintiff. When plaintiff's bank presented draft No. 19668648 to Citibank, payment was refused due to defendant drawer's stop payment order.

Plaintiff brought action against defendant drawer, alleging he was a holder in due course. Defendant filed a motion to strike plaintiff's complaint, alleging the draft was conditional and therefore not a negotiable instrument. Plaintiff filed a motion for summary judgment.

The trial court granted plaintiff's motion for summary judgment and denied defendant's motion to strike plaintiff's complaint. Defendant appeals.

The sole issue upon review is whether draft No. 19668648 was a negotiable instrument. Section 3—104(1) of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 3—104(1)) sets the requirements for negotiability:

"(1) Any writing to be a negotiable instrument within this Article must

(a) be signed by the maker or drawer; and

(b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this Article; and

(c) be payable on demand or at a definite time; and

(d) be payable to order or to bearer."

Defendant contends that the words "upon acceptance" indicate a conditional promise to pay. It further contends that the draft was not payable upon demand or at a certain time.

Neither contention has merit. The instrument indicates that Citibank is merely the collecting bank and that defendant is both drawer and drawee. As stated in *Falk's Food Basket of Easton, Inc. v. Selected Risks Insurance Co.* (1969), 214 Pa. Super. 522, 524-25, 257 A.2d 359, 360:

" 'UPON ACCEPTANCE' does not destroy the negotiability of this instrument because it is only a restatement of an 'implied or constructive condition' of any draft or check, which must be accepted to charge the drawee. 'A promise or order otherwise unconditional is not made conditional by the fact that the instrument (a) is subject to implied or constructive conditions;' Section 3—105(1). Cf. *Merson v. Sun Insurance Co.*, 44 Misc. 2d 131, 253 N.Y.S.2d 51 (1964). However, the Code provides, 'A draft drawn on the drawer is effective as a note.' Section 3—118(a). Where a draft is drawn by one person on himself or itself, which has the effect of a promissory note or an accepted bill of exchange, it is considered to be accepted by the very act of issuing it and presentment and acceptance are not necessary to make the draft a liability of the drawer to the payee or holder. *Cable & Wireless, Limited v. Yokohoma Specie Bank, Limited*, 191 Misc. 567, 79 N.Y.S.2d 597 (1948); 11 Am. Jur. 2d Bills and Notes §23. The use of 'UPON ACCEPTANCE' on this note is superfluous for this additional reason."

Finally, because the draft here is drawn on the drawer it is effective as a note (Ill. Rev. Stat. 1977, ch. 26, par. 3—118(a)), and because no definite time for payment is stated in the instrument, it is payable on demand (Ill. Rev. Stat. 1977, ch. 26, par. 3—108). Neither the language "upon acceptance" nor the absence of a definite time for payment destroyed this instrument's negotiability, and because there is no other allegation that plaintiff had any other notice of a defense against the instrument, plaintiff is a holder in due course. Ill. Rev. Stat. 1977, ch. 26, par. 3—302(1)(c).

Accordingly, the order of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.