DOROTHY C. LARKIN, Plaintiff, *v.* BANK OF RAVENSWOOD *et al.,* Defendants—(BANK OF RAVENSWOOD, Counterplaintiff-Appellant; FRANK G. LARKIN *et al.,* Counterdefendants; SKOKIE TRUST AND SAVINGS BANK, Counterdefendant-Appellee.)

First District (3rd Division)    No. 78-1283

Opinion filed December 10, 1980.

804

Edward J. Halper and Scott H. Reynolds, both of Hoellen, Lukes, Halper & Abramson, for appellant.

D. Kendall Griffith, Donald L. Mrozek, and Stephen R. Swofford, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee Skokie Trust and Savings Bank.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

The Bank of Ravenswood appeals from an order of the Circuit Court of Cook County which dismissed count IV of its amended counterclaim as to Skokie Trust & Savings Bank.

The amended counterclaim alleges that in 1973 Dorothy and Frank Larkin owned a certain parcel of real estate located in Glencoe, Illinois. They conveyed this property to Skokie Trust & Savings Bank (Skokie) as trustee under a trust agreement dated September 14, 1973. Pursuant to the terms of the trust agreement, the Larkins were the joint tenant beneficiaries of the trust, and they jointly possessed the power of direction.

In 1975 Frank Larkin attempted to secure a loan from the Bank of Ravenswood (Ravenswood). Before Ravenswood would approve such a loan, it required the Larkins to assign to Ravenswood their beneficial interest in the Skokie land trust. Frank executed a document assigning the beneficial interest and obtained Dorothy's purported signature on said assignment. In addition, Frank also obtained Dorothy's purported signature on an unlimited personal guarantee of the loan by Ravenswood to Frank. No officer or agent of Ravenswood witnessed Dorothy's signature on either document.

The assignment was delivered to Skokie for its acceptance and its endorsement. On May 13, 1975, Skokie, as trustee, acknowledged "receipt of the foregoing assignment and agrees that it will not accept any further assignments without first having received the written approval of Bank of Ravenswood." Thereafter, Ravenswood disbursed the proceeds of the

loan to Frank which, according to the amended counterclaim, satisfied an indebtedness of the Larkins to Skokie.

Subsequently, Frank was held in default of his obligation to Ravenswood, and Ravenswood published a notice of public sale of the beneficial interest of said land trust to be held on June 10, 1976. Prior to the date of sale Dorothy filed a complaint against Ravenswood, Skokie & Frank alleging that she had not executed or authorized the execution of the assignment of guarantee. Furthermore, she alleged that pursuant to the terms of a divorce decree entered May 7, 1976, Frank was ordered to convey to her his interest in the subject property. Dorothy asked that the court enjoin Ravenswood from conducting the sale and order Skokie to rescind its acceptance of the assignment.

Ravenswood responded with an amended counterclaim against the Larkins and Skokie. Insofar as the counterclaim pertained to Skokie, Ravenswood alleged that by accepting the assignment in its fiduciary capacity as trustee, Skokie impliedly warranted to Ravenswood that the signatures on the assignment were genuine. Moreover, Ravenswood alleged that it acted in reliance on this warranty when it disbursed the proceeds of the loan. Ravenswood asked the court to hold Skokie liable for any loss suffered by Ravenswood as a result of the litigation.

Skokie filed a motion to dismiss the amended counterclaim for failure to state a cause of action. The trial court granted the motion, and Ravenswood appeals.

■■ Ravenswood first asserts that its counterclaim states a cause of action for breach of fiduciary duty in that Skokie failed to examine the signatures on the purported assignment for their validity. Skokie responds that Ravenswood was not a beneficiary under the trust at the time of the alleged breach and, therefore, Skokie owed it no duty which could be breached. We agree.

The trust agreement provides that:

"No assignments of interest hereunder by a beneficiary shall be binding on the Trustee until the original or a duplicate copy of the assignment, in such form as the Trustee may approve, is lodged with it and its acceptance indicated thereon."

Ravenswood, therefore, did not acquire a status as beneficiary until Skokie accepted the assignment. Thus, Ravenswood's argument that Skokie owed it a fiduciary duty at the time it received the assignment is without merit.

Ravenswood also alleges that its counterclaim states a cause of action for breach of warranty. It contends that when Skokie accepted the assignment and agreed not to accept further assignments without Ravenswood's approval, Skokie impliedly warranted the genuineness of the

signatures. Ravenswood argues that because it relied on this warranty when it disbursed the proceeds of the loan, Skokie is estopped from claiming that Dorothy's signature was a forgery.

Ravenswood has not cited and we have not discovered any authority to support its conclusion that by accepting the assignment Skokie warranted the genuineness of the signatures. Henry W. Kenoe, an authority on Illinois land trusts, states that:

> "The filing of the assignment of beneficial interest and its acceptance by the trustee may afford the assignee a measure of protection only against another assignee. The trustee's acceptance is not a representation by it that the assignor's rights are free from defect or claim. *The acceptance is merely a receipt by the trustee and nothing more.*" (Emphasis added.) (Kenoe, Illinois Land Trusts §5.7, at 5-50 (Ill. Inst. Cont. Leg. Educ. 1978).)

We agree that Skokie's acceptance of the assignment was not a warranty of the genuineness of the signatures thereon.

In its brief Ravenswood also argues that Skokie has anticipatorily breached its agreement not to accept further assignments without Ravenswood's written approval by not unequivocally stating that Ravenswood has a 100-percent beneficial interest in the land trust. However, because this theory was not presented in the counterclaim, it is not before this court for review. *Bansch v. Donnelly* (1979), 77 Ill. App. 3d 922, 396 N.E.2d 869; *People ex rel. Cook County v. Majewski* (1975), 28 Ill. App. 3d 269, 328 N.E.2d 195.

An action should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved which would entitle the plaintiff to relief. (*Wolfe v. Wolfe* (1980), 81 Ill. App. 3d 833, 401 N.E.2d 1111.) Because Skokie did not owe Ravenswood a duty to inspect the signatures and did not warrant their genuineness, the facts pleaded in the counterclaim would not entitle Ravenswood to any relief from Skokie.

For the foregoing reasons the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.