55th AND ASHLAND CURRENCY EXCHANGE, Plaintiff-Appellee, *v.* CITY MUTUAL INSURANCE CO., Defendant-Appellant.

First District (4th Division)    No. 80-362

Opinion filed April 30, 1981.

Jesmer & Harris, of Chicago (Charles E. Tannen and Ronald Jay Gold, of counsel), for appellant.

Robert J. Adams & Associates, of Chicago (Martin Y. Joseph, of counsel), for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, 55th and Ashland Currency Exchange, brought suit against defendant, City Mutual Insurance Company, alleging that it was a holder in due course of a draft drawn by defendant and seeking payment of $200, the face amount of the draft. Plaintiff moved for summary judgment. After a hearing, the trial court entered an order of summary judgment in favor of plaintiff in the sum of $200.

Defendant appeals from this judgment, contending the trial court erred in granting plaintiff's motion for summary judgment because the motion failed to include verification or supporting affidavits and because its answer and affirmative defense raised material questions of fact.

We affirm.

On October 10, 1978, plaintiff filed the aforesaid complaint, which alleged that on or about June 1, 1978, for value received, defendant made and delivered a certain draft in writing, which was payable through the First National Bank of Chicago, and which required defendant to pay to the order of Leo Robinson, the payee named therein, the sum of $200; that on or about June 3, 1978, for value received, Leo Robinson endorsed the

draft and negotiated it to plaintiff; that on or about June 7, 1978, the draft was duly presented to the First National Bank of Chicago, but that drawee bank refused to pay; and that plaintiff presently held said draft upon which there is due and owing from defendant to plaintiff the sum of $200, no part of which has been paid. The aforesaid complaint was signed by Leonard Keller who identified himself as the agent for the plaintiff and who certified that the complaint's allegations were true. Allegedly, defendant stopped payment on the draft when it was discovered that the draft had been issued upon a fraudulent misrepresentation by Leo Robinson that he had been injured in an automobile accident, in which plaintiff insured one of the vehicles involved.

The draft in question can be described briefly as follows: In the upper left-hand corner was defendant's name. Directly below this were the words, "Upon acceptance, pay to the order of Leo Robinson $200." The draft was signed by one of defendant's officers.

Defendant filed an appearance, a jury demand and in lieu of an answer filed a motion to strike. The petition filed in support of this motion argued that the words, "upon acceptance," conditioned the payment of the draft and thus rendered that draft nonnegotiable within the meaning of the Uniform Commercial Code. (See generally Ill. Rev. Stat. 1977, ch. 26, par. 1—101 *et seq.*) After considering this petition and plaintiff's response thereto, the trial court, on August 3, 1979, denied defendant's motion and gave defendant 28 days to answer or plead. On August 30, 1979, defendant filed its answer and affirmative defense.

The answer admitted issuance of a draft payable upon acceptance to the order of Leo Robinson but denied that it was issued for value received. The answer further admitted presentment for acceptance and that acceptance was reviewed by the drawee bank, but denied that the draft had been duly endorsed and presented to the drawee bank for payment. Defendant's answer also denied that plaintiff was a holder and owner of the draft and that there was due and owing to plaintiff the sum of $200. The affirmative defense set forth that the draft had been issued upon fraudulent misrepresentation by Leo Robinson; that the draft was neither payable on presentation or sight, but was payable only after the First National Bank of Chicago presented the draft to defendant for acceptance; that upon presentation for acceptance defendant refused payment for good cause; and that plaintiff accepted the draft and made payment without first obtaining defendant's approval expressly contrary to the terms of the draft which required acceptance.

On September 21, 1979, plaintiff moved for summary judgment. This motion alleged that the trial court had denied defendant's motion to strike, ruling that the instrument in question was a negotiable instrument under the Uniform Commercial Code; that the allegations in defendant's

affirmative defense constituted a personal defense, and therefore were inapplicable as a matter of law to an action based on a negotiable instrument in the possession of the holder in due course; that defendant had admitted in its answer that it issued the draft in question and did not deny that the payee negotiated it to plaintiff; that defendant did not deny any of the material allegations of the plaintiff's pleading; and that, in view of these facts, there was no genuine issue of law or material fact to be determined by the trial court. Defendant responded to plaintiff's motion for summary judgment by alleging that material issues of fact were raised by its affirmative defense and answer. After a hearing on this motion, the trial court entered summary judgment in favor of plaintiff in the sum of $200.

As stated above, defendant argues that the trial court improperly granted plaintiff's motion for summary judgment. In support of this argument, defendant contends that the motion for summary judgment failed to include proper verification or supporting affidavits; that the draft in question was not a negotiable instrument; and that defendant's answer and affirmative defense raised material questions of fact.

The purpose of a summary judgment proceeding is not to try issues of fact but rather to determine whether there is an issue of fact to be tried. (*Graham v. Evischi* (1977), 50 Ill. App. 3d 268, 269, 365 N.E.2d 162.) Summary judgment is proper only where there is no genuine issue as to a material fact. (*Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380, 313 N.E.2d 457.) This question is to be determined from the pleadings, depositions, affidavits and admissions on file in each case. (Ill. Rev. Stat. 1977, ch. 110, par. 57(3).) Summary judgment provides a means of disposing of cases with dispatch, but it is a drastic method and should be allowed only when the right of the moving party is free from doubt. (*Marshall v. City of Chicago Heights* (1978), 59 Ill. App. 3d 986, 989, 376 N.E.2d 657.) A court of review will reverse an order granting summary judgment if it is determined that a material question of fact does exist. (*Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 393, 349 N.E.2d 1.) After having carefully examined the record, we are of the opinion that the trial court properly granted the summary judgment since a material question of fact did not exist.

Supreme Court Rule 191(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 191(a)) provides:

> "Affidavits in support of and in opposition to a motion for summary judgment * * * shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts

admissible in evidence; and shall affirmatively show that the affiant, * * * can testify competently thereto.* * *."

■■ Defendant contends that the complaint in the present matter was not properly verified pursuant to Supreme Court Rule 191(a), since that complaint failed to disclose the identity of Leonard Keller and his competency to testify as to having personal knowledge of the facts. According to defendant, the complaint also failed to set forth admissible facts with particularity but relied principally on conclusions. However, defendant failed to raise these issues in its answer, affirmative defense, motion to strike, or in its response to plaintiff's motion for summary judgment. Under such circumstances, it is well settled that an issue not presented to or considered by the trial court cannot be raised for the first time on appeal. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.) Accordingly, we deem these contentions to have been waived.

■■ Regarding the contention that the draft in question is not a negotiable instrument, this court, in a case with similar facts, held that the words "upon acceptance" did not affect the negotiability of the instrument; nor did they render the instrument conditional. In *Lialios v. Home Insurance Companies* (1980), 87 Ill. App. 3d 740, 741-42, 410 N.E.2d 193, the defendant insurance company settled a workmen's compensation claim with an individual for $1,275 and issued a draft in that amount made payable to that individual. On its face, the draft stated, "Upon acceptance pay to the order of * * *." A week later the payee returned to defendant insurance company and stated that he had lost the draft and requested a substitute. Defendant insurance company then issued a second one. In fact, the payee had not lost the first draft but instead had negotiated it to the plaintiff. The plaintiff's bank presented the first draft to the drawee bank, and payment was refused due to defendant's stop-payment order. Plaintiff brought an action against defendant insurance company, alleging that he was a holder in due course. Defendant filed a motion to strike plaintiff's complaint, alleging that the draft was conditional, and therefore, not a negotiable instrument. Plaintiff filed a motion for summary judgment and this was granted by the trial court. In affirming the summary judgment, this court stated:

"Neither the language 'upon acceptance' nor the absence of a definite time for payment destroyed this instrument's negotiability, and because there is no other allegation that plaintiff had any other notice of a defense against the instrument, plaintiff is a holder in due course. Ill. Rev. Stat. 1977, ch. 26, par. 3—302(a)(c)." (87 Ill. App. 3d 740, 742.)

In view of this precedent, we are of the opinion that the second contention raised by defendant can be decided as a matter of law.

Consequently, it does not, in and of itself, mandate that the trial court erred in granting a summary judgment in favor of plaintiff.[1]

■■ A holder in due course is one who takes the instrument in question for value, in good faith, and without notice that the instrument is overdue, that it has been dishonored or that there is any defense against or claim to it on the part of any person. (Ill. Rev. Stat. 1979, ch. 26, par. 3—302.) In the verified complaint plaintiff alleged that it had received the draft for $200 from the payee and that presently it was the owner and holder of that draft upon which there was due and owing from defendant the sum of $200. In its motion to strike defendant contended that plaintiff was not a holder in due course specifically based only on the assertion that the instrument was conditioned upon its acceptance. As indicated above, we have decided this particular question adversely to defendant. (See *Lialios v. Home Insurance Companies* (1980), 87 Ill. App. 3d 740, 410 N.E.2d 193.) Defendant's answer denied that the draft in question was issued for value received; that it had been duly endorsed; that plaintiff was a holder and owner of the draft; and that there was due and owing to plaintiff the sum of $200. However, defendant's answer and affirmative defense were not verified. It is well settled that, where the complaint is verified, an unverified answer must be disregarded as an answer. The effect of this failure is as if the defendant had filed no answer at all. (*Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 308, 393 N.E.2d 1223.) Accordingly, in view of the absence of such verification, we must conclude that the allegation in plaintiff's complaint, that the draft in question was received from the payee, Leo Robinson, for $200, was admitted by defendant. Under such circumstances, we feel that defendant did not properly raise an issue to rebut the *prima facie* assumption that plaintiff was a holder in due course. *Ritz v. Karstenson* (1976), 39 Ill. App. 3d 877, 883, 350 N.E.2d 870.

The judgment of the circuit court of Cook County is therefore affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.

---

[1] Nor are we persuaded by defendant's attempt to distinguish the *Lialios* case from the present situation by pointing out that in *Lialios* the plaintiff was a private individual, while in the present matter plaintiff is in the business of money lending and negotiating commercial paper. We do not feel that this fact mandates the plaintiff had to make special efforts to find out if the draft had been dishonored prior to cashing it for the payee.