JIM GEORGE VAVADAKIS, a/k/a Dimitrios Vavadakis, Plaintiff-Appellant and Counterdefendant-Appellant, v. COMMERCIAL NATIONAL BANK OF CHICAGO, as Trustee, *et al.*, Defendants-Appellees (Commercial National Bank of Chicago, Counterplaintiff-Appellee).

First District (1st Division)  No. 88—0813

Opinion filed December 27, 1988.

Nicholas C. Syregelas, of Chicago, for appellant.

Joel C. Solomon, of Grossman, Solomon & Fielkow, P.C., of Lincolnwood, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff Jim Vavadakis appeals from a partial summary judgment for defendant Commercial National Bank. Vavadakis alleged that the bank breached its duty of care as trustee of a land trust by accepting a forged assignment conveying the beneficial interest in the trust from Vavadakis to his wife, Elena. On the bank's motion for partial summary judgment, the trial court ruled that the bank had breached no duty of care. For the reasons below, we affirm.

On September 29, 1979, Jim Vavadakis purchased the property at

8418 West Crane in Niles, Illinois. Vavadakis was subsequently married, and in March 1981, he and his wife, Elena, conveyed the deed to the property into land trust No. 191, of which Commercial National Bank of Chicago (CNB) was trustee. The trust agreement vested the sole beneficial interest in the land in Jim, and upon his death in his mother, Evangelia Vavadakis.

On May 18, 1981, the United States Immigration Court ordered Vavadakis to leave the United States. Vavadakis left the country on September 9, 1981, and did not return until June 1982. When Vavadakis returned, he learned that Elena had executed an instrument assigning his interest in trust No. 191 to her. Elena had then used the trust as collateral for a note. The assignment bore Vavadakis' signature, but had apparently been executed on October 7, 1981, a date when Vavadakis was not in the United States. The assignment was witnessed by two people whom Vavadakis did not know and recorded with CNB on November 2, 1981.

On July 23, 1984, Vavadakis filed a complaint against CNB and Elena, alleging that the assignment was forged and that CNB negligently accepted the forged assignment. Vavadakis sought cancellation of the assignment, surrender of the property, and damages from CNB. On April 30, 1986, CNB filed counterclaims against Vavadakis for foreclosure of the original mortgage on the property and for payment of the note executed by Elena. The property was sold at a sheriff's sale on November 18, 1986, and the proceeds remain in an escrow account pending resolution of the instant case.

On November 9, 1987, CNB filed a motion for summary judgment for foreclosure of the mortgage and for partial summary judgment seeking a determination that it had not breached any duty of care by accepting the assignment. The motion for partial summary judgment included affidavits by Elizabeth Kurbis, a former assistant trust officer with CNB, and Bonnie Schwid, a forensic document examiner, which stated that Kurbis and Schwid had compared Vavadakis' signature on the assignment to sample signatures and had judged it to be genuine. The sample signatures were not included with the affidavits.

In an order dated February 3, 1988, the trial court granted CNB's motions for summary judgment and partial summary judgment. The order was made final on February 11, after an amendment removing a request for certain costs from the original order. Vavadakis appeals the partial summary judgment only.

Vavadakis argues that the affidavits of Kurbis and Schwid were fatally defective under Supreme Court Rule 191(a), which states in pertinent part: "Affidavits in support of *** a motion for summary

judgment under Section 2—1005 of the Code of Civil Procedure *** shall have attached thereto sworn or certified copies of all papers upon which the affiant relies ***." (107 Ill. 2d R. 191(a).) Neither affidavit had attached to it sworn copies of the documents used for comparison. Vavadakis argues that without the signature samples used by Kurbis and Schwid, he could not prepare counteraffidavits, and that, therefore, the affidavits should not have been considered. Vavadakis thus concludes that the trial court should have considered the pleadings alone and that the pleadings raised issues of material fact. Although Vavadakis did not move to strike the affidavits, he raised the issue of the sufficiency of the affidavits in his briefs opposing the motion for summary judgment, sufficiently preserving the issue. (*55th & Ashland Currency Exchange v. City Mutual Insurance Co.* (1981), 95 Ill. App. 3d 759, 420 N.E.2d 780.) Vavadakis' arguments, however, are without merit.

Commercial National Bank responds that Vavadakis' arguments against the affidavits ultimately attack the authenticity of his signature on the assignment, but correctly points out that the partial summary judgment addressed whether CNB breached a duty of care by accepting the assignment, without regard to its authenticity. Even if the assignment was forged, CNB argues, CNB exercised due care in verifying the signature and Vavadakis was not injured by the acceptance of the assignment alone. We agree.

■ The failure to swear to or attach the comparison documents is a technical defect that will be overlooked where the affidavits otherwise show that, if called as a witness at trial, the affiant had sufficient memory, perception and knowledge to be a competent witness. (*Galinski v. Kessler* (1985), 134 Ill. App. 3d 602, 480 N.E.2d 1176, *appeal denied* (1985), 108 Ill. 2d 562; *Mount Prospect State Bank v. Forestry Recycling Sawmill* (1980), 93 Ill. App. 3d 448, 459-60, 417 N.E.2d 617.) Further, where an affidavit refers to an exhibit that was relied on, the failure to attach the exhibit to the affidavit is a harmless defect, as long as the affiant has personal knowledge of the contents of the exhibit. (*Canzoneri v. Village of Franklin Park* (1987), 161 Ill. App. 3d 33, 37-38, 513 N.E.2d 1103.) Here the affidavits clearly show that Kurbis and Schwid would be competent witnesses. Both affidavits referred to the comparison documents and the affiants had personal knowledge of the contents of those documents. Therefore the technical defects in the affidavits were harmless. We accept the pleadings and affidavits as true and construe the facts against the moving party. (*Holbrook v. Peric* (1984), 129 Ill. App. 3d 996, 998, 473 N.E.2d 531.) Even assuming that the assignment was forged, the is-

sue remains whether acceptance by CNB breached a duty of care. The trial court held that it did not, and we agree.

Acceptance of the assignment had no operational effect on the assignment; acceptance served only as notice as against another assignee. (*Larkin v. Bank of Ravenswood* (1980), 91 Ill. App. 3d 803, 415 N.E.2d 15.) Acceptance of a valid assignment would merely record the time of the assignment, and a valid assignment would, by virtue of acceptance, merely have priority over subsequent assignments of the same interest. A forged assignment, on the other hand, would be worthless notwithstanding acceptance by the trustee.

■ Thus, the trial court properly ruled that where CNB used reasonable means to verify the signature, even if its conclusion was wrong, no duty was breached. In fact, CNB might have breached a duty had it not accepted the assignment, because although Vavadakis could not be harmed solely by acceptance of a forged assignment, he possibly could have been harmed had CNB refused to accept a valid assignment. Vavadakis was not harmed, if at all, until CNB relied on the assignment to secure the note executed by Vavadakis' wife.

Vavadakis also argued that the evidence before the court was insufficient to sustain a summary judgment, but the evidentiary inquiry proposed by Vavadakis addressed the issue of the assignment's authenticity. Whether the assignment was forged remains as an issue of fact.

Thus, we hold that the trial court properly granted CNB's motion for partial summary judgment. The trial court correctly ruled that where CNB used reasonable means to verify the authenticity of Vavadakis' signature, no duty of care was breached by the mere acceptance of the assignment.

Affirmed.

CAMPBELL, P.J., and BUCKLEY, J., concur.